IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNEDY MINNIFIELD, # 130651, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv364-WHA |
| | ) | (WO) |
| WARDEN HICK, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Kennedy Minnifield ("Minnifield") on May 13, 2014.[1] Doc. No. 1. Minnifield challenges the constitutionality of his convictions and sentence as a habitual felony offender, entered in 2006 by the Bullock County Circuit Court, on charges of first-degree theft of property, second-degree escape, and second-degree sexual abuse.  The respondents (Doc. No. 7) argue that Minnifield's petition is time-barred under the one-year limitation period.  *See* 28 U.S.C. § 2244(d).[2] Upon review of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is

---

[1] Although the petition was stamped as received in this court on May 16, 2014, Minnifield represents that he placed the petition in the prison mailing system on May 13, 2014.  *See* Doc. No. 1 at 8.  Applying the "mailbox rule," and no evidence to the contrary, this court deems the petition as filed on the date Minnifield says he placed it in the prison mailing system.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

required and that Minnifield's petition should be denied as untimely.

## II.  DISCUSSION

Title 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

*State Court Proceedings*

Exhibits submitted by the respondents reflect that on October 24, 2006, Minnifield pled guilty in the Bullock County Circuit Court to charges of first-degree theft of property,

second-degree escape, and second-degree sexual abuse. Ex. D at 1-2. On that same date, Minnifield was sentenced as a habitual felony offender to life in prison for each conviction. *Id*. No direct appeal was taken by Minnifield.

On June 3, 2007, Minnifield filed a Rule 32, Ala.R.Crim.P., petition in the trial court attacking his convictions and sentence. Ex. A at 28. On December 19, 2007, the trial court denied the Rule 32 petition. Ex. A at 47-48. Minnifield appealed and, on July 24, 2009, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Ex. D. Minnifield did not seek further review and, on August 12, 2009, the Court of Criminal Appeals issued a certificate of judgment. Ex. E.

On April 12, 2011, Minnifield filed a second Rule 32 petition in the trial court again attacking his convictions. Ex. F at 18-20. On May 19, 2011, the trial court denied the Rule 32 petition. *Id*. at 31. Minnifield appealed, and on March 16, 2012, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Ex. I. Minnifield's application for rehearing was stricken for untimeliness on April 12, 2012. Ex. J. On that same date, the Court of Criminal Appeals issued a certificate of judgment in the case. Ex. K. Minnifield did not seek further review.

As noted above, Minnifield filed the instant 28 U.S.C. § 2254 petition for habeas corpus relief on May 13, 2014.

*Application of Federal Limitation Period*

Because Minnifield did not seek direct review of his convictions and sentence, his

conviction became final on December 5, 2006 – i.e., 42 days after his October 24, 2006, sentencing – as this was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Womack v. State*, 684 So.2d 167 (Ala. Crim. App. 1995). Thus, under 28 U.S. § 2244(d)(A)(1), the one-year period for filing his federal petition commenced on December 5, 2006.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." *See Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). As noted, on June 3, 2007, Minnifield filed a Rule 32, Ala.R.Crim.P., petition in the trial court challenging his convictions and sentence, thereby tolling the limitation period for filing a § 2254 petition. *See* 28 U.S.C. § 2244(d)(2). At that time, the limitation period had run for 180 days.

The state court proceedings on the Rule 32 petition concluded on August 12, 2009, when the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. With issuance of the certificate of judgment, the limitation period for filing a § 2254 petition began to run again. On August 12, 2009, Minnifield had 185 (that is, 365 less 180) days remaining within which to file a timely federal habeas petition. After the limitation period began to run again for him on August 12, 2009, it ran unabated before expiring 187 days later, on February 15, 2010.[3] Minnifield did not file his federal petition until May 13, 2014

---

[3] This court adds two days to the running of the limitation period because the 185th day after
(continued...)

4

– long after the federal limitation period had expired.

Although Minnifield filed a second Rule 32 petition challenging his conviction on April 12, 2011, that filing did not toll the federal limitation period under § 2244(d)(2), because it occurred after the federal limitation period had expired. *See Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year federal statute of limitations has expired, it does not toll the statute because no time remains to be tolled).

The statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B) - (D) do not provide safe harbor for Minnifield. There is no evidence that any unconstitutional or illegal State action impeded him from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). He presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at a far earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*,

---

[3](...continued)
August 12, 2009, was February 13, 2010, a Saturday. February 15, 2010, was the first business day after February 13.

177 F.3d 1269, 1271 (11th Cir. 1999). *See Holland v. Fla.*, 560 U.S. 631 (2010). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Minnifield fails to set forth any facts that demonstrate "extraordinary circumstances" and the exercise of due diligence to warrant equitable tolling of the limitation period. Consequently, the court concludes that Minnifield is not entitled to equitable tolling.[4]

Under the circumstances set forth above, it is apparent that the one-year limitation period in § 2244(d) expired on February 15, 2010. Because Minnifield did not file his § 2254 petition until May 13, 2014, his petition is time-barred and this court may not address the merits.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and this case be dismissed with prejudice under 28 U.S.C. § 2244(d).

It is further

---

[4] Minnifield argues the federal limitation period does not apply to his claim that he was illegally sentenced as a habitual offender because such a claim is jurisdictional in nature. *See* Doc. Nos. 1-1 & 12. If this court were an Alabama court, that argument might have some force. *See, e.g., McNeal v. State*, 43 So. 3d 628, 629 (Ala. Crim. App. 2008) (challenge to allegedly illegal sentence raised in a Rule 32 proceeding not barred by the statute of limitations in Ala.R.Crim.P. 32.2(c), because if the sentence is illegal, the sentence exceeds the jurisdiction of the trial court). However, there is no similar exception to the limitations period contained in 28 U.S.C. § 2244(d). Thus, Minnifield's jurisdictional contentions do not entitle him to any relief from operation of the federal statutory limitations bar.

ORDERED that the parties shall file any objections to the said Recommendation on or before October 28, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of October, 2014.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
CHIEF UNITED STATES MAGISTRATE JUDGE